Filed 06/23/26

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 26-ENV-00026



| Firefly Demolition Approval |
|---|

## ENTRY REGARDING MOTIONS

Title:          Motion for Partial Summary Judgment (Motion: #5)

Filer:          David R. Cooper, Esq., Attorney for 557-575 Depot Street, LLC

Filed Date:   April 14, 2026

> Opposition to Motion for Partial Summary Judgment, filed April 23, 2026, by Robin M. Lane, Terry Lindsey, and Kris Slethaug, pro se
>
> Reply to Opposition to Motion for Partial Summary Judgment, filed May 7, 2026
>
> Motion to Allow Sur-Reply, filed May 14, 2026, by Robin Lane, Terry Lindsey, and Kris Slethaug[1]
>
> Motion to Strike Sur-Reply, filed May 15, 2026, by David Cooper

**The motion for partial summary judgment is GRANTED.**

This matter involves an appeal from the Town of Manchester (Town) Development Review Board (DRB)'s approval of a permit for the demolition of a structure located at 575 Depot Street, Manchester, Vermont, also called the "Firefly" building (the Property). Appellants Robin Lane, Terry Lindsey, and Kris Slethaug (Appellants) have appeared pro se. Applicant 557-575 Depot Street, LLC (Applicant) is represented by David R. Cooper, Esq., and Rodney E. McPhee, Esq.

On May 14, 2026, Applicant filed a motion for partial summary judgment on Appellants' Questions 8 and 9 of their Statement of Questions. Both questions concern the relationship between this appeal and a related matter, Docket No. 26-ENV-00019 (hereinafter "the Valvoline appeal").[2]

---

[1] On May 14, 2026, Appellants filed a letter with the Court requesting the Court allow a sur-reply addressing, in part, Applicant's reply briefing in support of its motion for partial summary judgment on Questions 8 and 9. The Court construes this letter as a motion to file a sur-reply as required by V.R.C.P. 7(b)(4). The Court does not agree, however, that Applicant raised any new issues in its reply to Appellants' opposition to partial summary judgment that would be clarified by further argument. For this reason, Appellants' motion is **DENIED**, and Applicant's motion to strike is **MOOT**.

[2] That case concerns 557-575 Depot Street LLC's appeal of the Town DRB's denial of a permit to construct a Valvoline oil change and automobile service facility, which would require the demolition of two structures. The DRB

Question 8 asks whether demolition of the Firefly building would be "premature" if it took place before the Property's future use has been determined under the Town Center District standards, "including in the absence of an approved, conforming redevelopment proposal and in light of the related Valvoline permit appeal (Docket No. 26-ENV-00019) concerning the same property." In a similar vein, Question 9 asks whether consideration of the demolition of the Firefly building in this appeal represents an "improper segmentation of an integrated development proposal" given the related Valvoline appeal.

With respect to Question 8, Applicant argues that nothing in the Manchester Land Use and Development Ordinance (hereinafter "ordinance") or Vermont statute requires this Court to render a decision on the application for construction of the Valvoline project before deciding on the demolition of the Firefly building. Applicant further argues that practical and logistical concerns also run counter to Appellants' request that the construction application be reviewed prior to the demolition application. This is because reviewing the applications in that order could result in an approval of the construction application and denial of the demolition application, leaving the Applicant with an approved project without a viable location.

Regarding Question 9, Applicant asserts that Appellants have conceded that the two appeals can proceed independently through their prior request to have the construction application heard first. Applicant argues that if the two appeals were truly inseparable, neither could be heard before the other. Applicant further argues that the DRB's decision to hold separate hearings on the applications provides further proof that they are not inseparable.

In response, Appellants argue that the questions of whether the appeals are inseparable and which appeal should be heard first are not purely procedural. In their view, the question that underlies both Questions 8 and 9 is "whether the ordinance can be properly applied to the property if demolition proceeds before the Court determines how those same standards govern the site as a whole." Opposition at 1. They assert that §§4.3, 5.1.1., and 5.1.5 of the ordinance bear directly on the question of whether a proposed project is compatible with the character of the area, and that the demolition at issue must be reviewed under those standards. They also argue that disputes of material fact make partial summary judgment inappropriate here.

**Legal Standard**

---

approved demolition of one of those structures, the Firefly building, in the subsequent application that is the subject of this appeal.

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is a dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A). The party opposing a motion for summary judgment "cannot simply rely on mere allegations in the pleadings to rebut credible documentary evidence or affidavits . . . but must respond with specific facts that would justify submitting [their] claims to the factfinder." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. (citing Gore v. Green Mtn. Lakes, Inc., 140 Vt. 262, 266 (1981); V.R.C.P. 56(e); State v. G.S. Blodgett Co., 163 Vt. 175, 180 (1995)).

## Discussion

As an initial matter, Appellants have failed to show that material facts are in dispute in this case in a manner that would preclude a grant of summary judgment. "An issue of fact is material only if it could affect the outcome of the case." Civetti v. Turner, 2022 VT 64, ¶ 19 (quoting Gates v. Mack Molding Co., 2022 VT 24, ¶ 14). Of the twelve assertedly material facts put forward by Applicant, Appellants dispute four. Two of the disputed facts—numbers four and six—relate to: 1) Applicant's decision that it would pursue demolition regardless of whether the Valvoline appeal moved forward; and 2) the fact that the Applicant elected to bifurcate its original application after the DRB denied the Valvoline appeal. These facts concern the Applicant's personal decisions and opinions on the best course of action for a property it owns and the most efficient way to pursue its applications with the Town. As such, neither statement is reasonably subject to dispute by Appellants. The remaining facts—numbers five and eight—are either not material to the outcome of this case or simply an objective fact. It makes no difference to the outcome of this appeal whether Applicant's or Appellants' characterizations of the Firefly building are correct. Finally, evidence provided by Applicant clearly shows the two applications proceeded independently before the DRB, as Appellants concede. A difference of opinion about whether the applications should have proceeded in a consolidated or separate manner cannot create a dispute of material fact.

Questions 8 & 9

The Applicant has successfully demonstrated that it is entitled to judgment as a matter of law on these questions. Appellants point to no provision in the ordinance that requires this Court to

determine how the Town Center District Standards (§4.3) or Design Review Standards (§ 5.1.1, 5.1.5) "govern the site as a whole" before the Court renders a decision on the demolition application. To the extent Appellants assert that the Valvoline appeal requires the Court to determine how the ordinance applies to the property as a whole prior to rendering a decision in this appeal, they misunderstand the scope of this Court's review and improperly conflate the two matters. This appeal concerns the DRB's approval of Applicant's application to demolish the Firefly building and only relates to the demolition of that building.[3] See In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 29 (noting that any ruling on a permit application not presently before the Court on appeal would be an advisory opinion).

Appellants contend that the separate review of the applications contravenes the language of the ordinance. The Court interprets Appellants' reference to analysis of "the character and context of the site" to largely refer to the goals listed in the "purpose" sections of § 4.3 and § 5.1 of the ordinance. While these statements can serve as helpful guides to a Town's priorities and policy interests, "municipal bylaw statements of purpose have 'no direct regulatory effect.'" Down River Investments, LLC CU, No. 139-12-18 Vtec, slip. op. at 4, (Vt. Super. Ct. Envtl. Div. June 30, 2020) (Durkin, J.) (quoting In re Meaker, 156 Vt. 182, 185 (1991)). Thus, requirements like those in § 4.3.1 to "[e]nsure new buildings are compatible with the architectural framework of Manchester's Town Core and preserve a human scale" or "promote a . . . pedestrian-friendly environment" "do[] not constitute enforceable regulatory language." Id.

Moreover, any suggestion that the ordinance compels viewing both aspects of this project as interconnected processes is undercut by the language of the ordinance itself. Section 3.9, "Consolidated Review," provides that when an application for a single project requires multiple forms of review, the Town Zoning Administrator shall consolidate those reviews "unless the applicant requests in writing that separate reviews be conducted." See Manchester Land Use and Development Ordinance, § 3.9.1. This provision demonstrates that the Town contemplated review of discrete aspects of a project covered by different standards and specifically left to the applicant the choice of whether to conduct those reviews together or separately. Like site plan and condition use review, demolition is a process with its own set of review procedures that may be taken up as part of a larger application or in isolation. As indicated in the ordinance, the Applicant here acted properly in electing separate review for two aspects of a project: demolition of a preexisting structure and construction of

---

[3] Even if the Court were to grant Appellants' motion to coordinate appeals, it would not change this fact.

a new structure. The ordinance is silent on the order of this review, and Appellants have provided no evidence indicating otherwise.

For the above reasons, both Appellants' Questions 8 and 9 can be answered in the negative. Applicant's motion for partial summary judgment is **GRANTED**.

Electronically signed on June 23, 2026 pursuant to V.R.E.F. 9(d).


Joseph S. McLean
Superior Court Judge
Environmental Division